UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OLUGBENGA O. ABIONA,<br><br>     Plaintiff,<br><br>     v.<br><br>GEICO INDEMNITY COMPANY,<br><br>     Defendant. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 15-6013<br><br>**OPINION** |

**APPEARANCES**:

OLUGBENGA O. ABIONA, ESQ., *pro se*
1433 South 4th Street
Philadelphia, Pennsylvania 19147
         Plaintiff

GREEN, LUNDGREN & RYAN, ESQS.
By:  Francis X. Ryan, Esq.
20 Brace Road, Suite 200
Cherry Hill, New Jersey 08034
         Counsel for Defendant


**HILLMAN**, United States District Judge:

In this diversity insurance coverage dispute, Plaintiff

Abiona asserts that his car insurance provider, Defendant Geico

Indemnity Company, wrongfully denied him under-insured motorist

(UIM) coverage under the parties' insurance policy.

Presently before the Court is Geico's Motion to Dismiss,

which asserts: (1) this Court's lack of subject matter

jurisdiction for failure to exceed the statutory minimum amount in

controversy; and (2) failure to state claims for common law bad

1

faith denial of insurance coverage, and violation of the New

Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -109.

Alternatively, Geico asks this Court to stay and sever the bad

faith and consumer fraud claims pending the disposition of

Abiona's claim for breach of the insurance contract.

For the reasons stated below, the jurisdictional motion will

be denied; and the Rule 12(b)(6) motion will be denied as to Count

2 (bad faith), and granted as to Count 3 (the New Jersey statutory

consumer fraud claim). However, Abiona will be given an

opportunity to attempt to cure the pleading deficiencies of Count

3. Additionally, Geico's request to sever and stay Counts 2 and 3

will be granted.

## I.

In March, 2014, Abiona was involved in a car accident in

Manhattan, New York. Allegedly, the driver of the other car

suddenly, and "at a relatively high rate of speed," pulled out

from the right parking lane, merged into Abiona's lane, and struck

Abiona's vehicle. (Compl. ¶ 6) Abiona alleges he suffered

"severe" injuries to his neck and back as a result of the

accident. (Compl. ¶ 9)

It is undisputed, at least for purposes of this motion, that

the other driver's insurance company conceded liability and paid

out the policy limit for bodily injury coverage, which was

$25,000.   (Compl. ¶ 10; Geico's moving brief, p. 9)

Abiona contends that $25,000 does not cover all of the costs

associated with treating his injuries.  He asserts that, in

addition to epidural steroid and facet block injections, he

"require[s] [a] surgical procedure in the future to attempt to

eliminate the cause of [his] constant back pain." (Compl. ¶¶ 9,

15)

Accordingly, Abiona alleges that he made a claim on his own

underinsured motorist policy with Geico.  Geico allegedly

"completely den[ied] [Abiona] UIM benefits." (Compl. ¶ 27)  Abiona

further asserts that Geico has acted in bad faith by declining to

participate in non-mandatory binding arbitration (Compl. ¶ 20, and

Ex. D), and "failing to present [Abiona] with a good faith offer

to settle [his] claim," despite Abiona's submission of extensive

medical documentation supporting his claim that his injuries are

severe and permanent. (Compl. ¶ 21)  Most notably, such

documentation allegedly "include[s] an IME report by [Geico's]

chosen medical professional, Dr. Solomon, who opines that [Abiona]

is a surgical candidate from the injuries sustained by this

accident if the epidural injection therapy does not resolve the

significant pain from the herniated lumbar disc caused by this

accident." (Compl. ¶ 25).

**II.**

**A.**

A motion to dismiss for lack of subject matter jurisdiction implicates Federal Rule of Civil Procedure 12(b)(1).  The standard to be applied when deciding a motion under Rule 12(b)(1) depends on the nature of the motion.

Where, as here, a party argues that the complaint on its face is insufficient to invoke the Court's subject matter jurisdiction, the Court applies the same standard as utilized in deciding a motion under Rule 12(b)(6), which is discussed next. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (*citing Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 889-92 (3d Cir. 1977)).  The plaintiff has the benefit of procedural safeguards, because the court must consider the allegations of the complaint as true. *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008).

**B.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P.

8(a)(2). While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added).

## c.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party

claims."   Fed. R. Civ. P. 42(b).[1]   The decision whether to bifurcate or sever claims is left to the District Court's discretion. *Edwin, Jr. v. The Robert Packer Hospital,* 579 F.2d 819, 824 (3d Cir. 1978); *see also O'Malley v. U.S. Fid. & Guar. Co.,* 776 F.2d 494, 500 (5th Cir. 1985)(reviewing for abuse of discretion District Court's decision to sever first-party insurance breach of contract claim from bad faith claim).

"[B]ifurcation [should] 'be encouraged where experience has demonstrated its worth.'" *Edwin, Jr.*, 776 F.2d at 500 (quoting Advisory Committee Notes to Rule 42(b)).

**III.**

---

[1]   In support of its argument to sever the breach of contract claim from the other two claims, Geico relies upon Fed. R. Civ. P. 21. While there is authority to support Geico's position, in this Court's view, Rule 21 applies when there has been possible misjoinder or nonjoinder of parties; an issue not implicated by this suit.

Moreover, severance under Rule 21 creates two separate and independent actions. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 (3d Cir. 1999) ("A separation pursuant to Rule 42(b) separates elements of the complaint for trial, but all the aspects remain part of one single action which would result in a single judgment. On the other hand, if claims are severed pursuant to Rule 21 they become independent actions with separate judgments entered in each.")(internal citation and quotation omitted).   It is not the Court's intention here to create two separate cases under two separate docket numbers.   Rather, the Court intends for this single action to proceed in two phases.

The Court addresses Geico's arguments in favor of dismissal before addressing Geico's alternate request to stay and sever Counts 2 and 3.

**A.**

Count 1 – Breach of Contract

*(1)  Amount in controversy*

The diversity statute provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Geico's jurisdictional argument is based on relatively simple arithmetic: Abiona's policy limit with Geico is undisputedly $100,000; he has been paid $25,000 from the other driver's insurer; therefore the amount in controversy is $75,000.  This amount, of course, does not "exceed" $75,000; thus, according to Geico, this Court lacks subject matter jurisdiction over this suit.

This argument, however, is dependent on Geico successfully obtaining dismissal of the other two claims asserted.  If Abiona could possibly recover just one cent in additional damages associated with those other claims, this Court cannot hold with "legal certainty," *see Bell v. Preferred Life Assur. Soc. of Montogmery, Ala.,* 320 U.S. 238, 240 (1943)(quoting *St. Paul*

*Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)),

that the amount in controversy does not exceed $75,000.

Accordingly, the Court turns to the next claim asserted.


Count 2 – common law bad faith denial of insurance benefits

*(1)  Failure to state a claim*

"In a case of denial of [insurance] benefits, bad faith is

established by showing that no debatable grounds existed for the

denial of benefits." *Pickett v. Lloyd's*, 131 N.J. 457, 481 (1993).

"To show a claim for bad faith, a plaintiff must show the absence

of a reasonable basis for denying benefits of the policy and the

defendant's knowledge or reckless disregard of the lack of a

reasonable basis for denying the claim. . . . [T]he lack of a

reasonable basis may be inferred . . . where there is a reckless

indifference to facts or proofs submitted by the insured." *Id.* at

473 (internal citation and quotation omitted).

The Complaint's allegation that Geico's own IME opined that

"if [Abiona] fails conservative therapy . . . he could be a

surgical candidate" (Compl. ¶ 17) "nudge[s]" the assertion that

Geico recklessly disregarded the lack of a reasonable basis for

denying Abiona's claim "'across the line from conceivable to

plausible.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)(quoting

*Twombly,* 550 U.S. at 570)

The Court holds that the Complaint adequately states a bad faith claim.  Geico's motion in this regard will be denied.


   *(2)  Amount in controversy*

Consequential and punitive damages[2] are available for bad faith claims under New Jersey law. *Taddei v. State Farm Indemnity Co.*, 401 N.J. Super. 449, 461, 463 (App. Div. 2008)("[plaintiff's] measure of damages, if he could prove bad faith, would be any foreseeable consequential damages.  This might typically include, for example, costs of litigation, including expenses for experts and counsel fees, and prejudgment interest. . . . [I]n an exceptional and particularly egregious case [plaintiff may] even be permitted to pursue punitive damages.")(citing *Pickett*).  Those potential damages, added to the $75,000 of potential damages associated with the breach of contract claim (Count 1), carry the amount in controversy over the statutory threshold of $75,000.

The Court holds that the diversity statute authorizes the exercise of subject matter jurisdiction over this suit.  Geico's jurisdictional motion will be denied.

---

[2]  Geico asks this Court to dismiss the claim for punitive damages, arguing that Abiona has not pled any facts supporting a conclusion that Geico acted in a manner that would support an award of punitive damages.  The Court declines to dismiss the claim for punitive damages at this early stage of the litigation.  Such a fact-sensitive determination is better left for summary judgment.

Count 3 – New Jersey Consumer Fraud Act violation

    *(1)  Failure to state a claim*

Fed. R. Civ. P. 9, which requires a plaintiff to plead fraud with particularity, applies to New Jersey Consumer Fraud Act claims. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Abiona's complaint, as currently drafted, contains no allegations whatsoever with regard to any fraud allegedly committed by Geico. The Complaint fails to answer at least one fundamental question: what does Abiona allege Geico misrepresented?

The New Jersey Consumer Fraud Act allegations fall far short of the bar set by Fed. R. Civ. P. 9, and do not even meet the more basic pleading standards of Fed. R. Civ. P. 8.  Geico's Motion to Dismiss Count 3 will be granted.  However, Abiona will be granted leave to amend his Complaint as to Count 3.

**B.**

The prevailing practice in both state and federal court is to sever breach of insurance contract claims from bad faith claims, and to proceed with the contract claim before turning to the bad faith claim (if still necessary after adjudicating the contract claim). *See Beachfront N. Condo. Ass'n, Inc. v. Lexington Ins. Co.,* No. 14-6706, 2015 U.S. Dist. LEXIS 84074 (D.N.J. June 24, 2015)(Schneider, Magistrate Judge); *Riverview Towers Apt. Corp. v. QBE Ins. Corp.,* 2015 U.S. Dist. LEXIS 57100 (D.N.J. April 17,

2015)(Schneider, Magistrate Judge); *Wacker-Ciocco v. GEICO*, 439 N.J. Super. 603 (App. Div. 2015)(holding that the trial court abused its discretion when it did not sever bad faith claim from underinsured motorist claim); *Procopio v. GEICO*, 433 N.J. Super. 377, 383 (App. Div. 2013)("Preserving the insured's ability to pursue his or her bad faith claim while deferring discovery thereon until the resolution of the UM or UIM claim best accommodates the varying interests involved."); *Taddei v. State Farm Indemnity Co.*, 401 N.J. Super. 449, 465-66 (App. Div. 2008)(citing *Bartlett v. John Hancock Mut. Life Ins. Co.*, 538 A.2d 997, 1000-02 (R.I. 1988)).[3]

Severance of a bad faith claim will often be desirable because, as courts have recognized, there is real potential for prejudice to the insurer should it "'be required to produce its claim file prematurely.'" *Wacker-Ciocco*, 439 N.J. Super. at 608 (quoting *Taddei*, 401 N.J. Super. at 465-66); *see also Procopio*, 433 N.J. Super. at 383 ("Such premature discovery may also jeopardize the insurer's defense of the UM or UIM claim by the disclosure of potentially privileged materials.").

---

[3]  *See also Corrente v. Fitchburg Mut. Fire Ins. Co.*, 557 A.2d 859, 862 (R.I. 1999)("we are of the opinion that whether or not a discovery issue is involved, it is inherently prejudicial for a trial justice to decline to sever [a bad faith claim] from a breach-of-contract claim."); *see generally* 2-16 New Appleman Insurance Bad Faith Litigation, § 16.05 ("In many cases, bifurcation or severance of coverage and bad faith claims can present a sensible procedural approach.").

Indeed, in this case Geico asserts that it will suffer prejudice absent severance.  In response, Abiona merely argues that interests of judicial economy weigh against severance-- an argument that is undermined by much of the above-cited case law. *See, e.g., Procopio*, 433 N.J. Super. at 383 ("The toll on judicial economy by allowing full-disclosure up front . . . is obvious. Requiring simultaneous discovery on both claims will result in a significant expenditure of time and money, generally rendered needless if the insurer prevails on plaintiff's UM or UIM claim.").

The Court concludes that the interests of judicial economy, as well as the avoidance of prejudice to Geico, weigh in favor of severing Counts 2 and 3 (if Abiona successfully amends Count 3)[4], from Count 1.  Geico's Motion to Stay and Sever Counts 2 and 3 pending resolution of Count 1 will be granted.

## IV.

In light of the foregoing, Geico's jurisdictional motion will be denied.  Geico's Rule 12(b)(6) motion will be denied as to Count 2 (bad faith), and granted as to Count 3 (the New Jersey statutory consumer fraud claim).  However, Abiona will be given an

---

[4]  *See Hage v. UnumProvident Corp.*, 2007 U.S. Dist. LEXIS 97175 (D.N.J. Oct. 22, 2007)(Bongiovani, Magistrate Judge)(bifurcating Consumer Fraud Act claim from breach of insurance contract claim).

opportunity to attempt to cure the pleading deficiencies of Count

3 by filing an Amended Complaint within 30 days.  Additionally,

Geico's request to sever and stay Counts 2 and 3 will be granted.

An appropriate Order accompanies this Opinion.



Dated:   March 16, 2016
         At Camden, New Jersey          __s/ Noel L. Hillman_____
                                        **Noel L. Hillman, U.S.D.J.**